a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OLAUDAH MCKENZIE #19301-021,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-04393<br>SEC P |
| VERSUS | JUDGE DRELL |
| CHRIST MCCONNELL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Olaudah McKenzie ("McKenzie"). McKenzie is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. McKenzie challenges the length of his sentence.

Because McKenzie waived his right to collateral review and is not entitled to proceed under the savings clause, his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. **Background**

McKenzie pleaded guilty to one count of conspiring to possess with intent to distribute, and to distribute, a quantity of cocaine. *McKenzie v. United States*, 6:15-CV-001, 2017 WL 930146, at *1 (S.D. Ga. 2017), *report and recommendation adopted*, 2017 WL 902888 (S.D. Ga. 2017). As part of his plea agreement, "McKenzie agreed

1

to the accuracy of the allegations against him and waived his right to appeal or collaterally attack his conviction and sentence." *Id.*

McKenzie was sentenced to 169 months of imprisonment. *Id.* McKenzie's presentence investigation report ("PSI") includes a career offender enhancement under U.S.S.G. § 4B1.1. *Id.* One of the qualifying offenses was a conviction from the State of Georgia for felony obstruction of a law enforcement officer, where McKenzie forcefully resisted officers. *Id.* at *5.

In 2016, McKenzie filed a motion to vacate under 28 U.S.C. § 2255, arguing that *Johnson v. United States*, 576 U.S. 591 (2015) invalidated his career offender enhancement. *McKenzie*, 2017 WL 930146, at *5. The district court concluded that *Johnson* did not apply in the context of the advisory sentencing guidelines, but even if it did, the felony obstruction of justice conviction qualified as a crime of violence.[1]

McKenzie recently filed an application for leave to file a second or successive § 2255 motion claiming that *Borden v. United States*, 141 S.Ct. 1817 (2021) provides a new rule of constitutional law that renders his career criminal enhancement invalid

---

[1] The court noted that felony obstruction of a law enforcement officer "has as an element the use, attempted use, or threatened use of physical force against the person of another." *McKenzie* 2017 WL 930146, at *5 n.5  (citing 18 U.S.C. § 924(e)(2)(B)(i)). As used in the elements clause, the phrase "physical force" means violent force—that is, force capable of causing physical pain or injury to another person. *Id.* (citing *Johnson*, 559 U.S. at 140). Georgia's felony obstruction statute applies only to those who obstruct a law enforcement officer "by offering or doing violence" to the officer's person. O.C.G.A. § 16-10-24(b); *see also Jones v. State*, 276 Ga. App. 66, 68 (2005) ("Felony obstruction . . . requires proof of an additional element—that the defendant offered or did violence to the officer."). The amount of violence the Georgia statute requires is enough to satisfy the elements clause of the ACCA. *Id.* (citing *United States v. Brown*, 805 F.3d 1325, 1327 (11th Cir. 2015)); *see* O.C.G.A. § 16-10-24(b) (effective 1986-2015) (requiring the "offering or doing [of] violence to the person" of an officer to sustain a charge).

because his prior felony obstruction conviction no longer categorically qualifies as a violent felony.[2] *In Re: Olaudah McKenzie*, No. 21-14047, 11th Cir. (12/14/21) (unpublished).

In denying authorization, the United States Court of Appeals for the Eleventh Circuit noted that *Borden* "explicitly engaged in a thorough statutory interpretation of the meaning of the term 'violent felony,' as used in § 924(e)(2)(B)(i), taking into consideration both the specific language of the provision, as well as congressional intent underlying the ACCA." *Id.* (citing *Borden*, 141 S. Ct. at 1835 (Thomas, J., concurring)). The appellate court concluded that *Borden* did not announce a new rule of constitutional law within the meaning of § 2255(h)(2), and did not apply retroactively to cases on collateral review. *See id.* Additionally, the court found that McKenzie's case was factually distinguishable from *Borden* because McKenzie's sentence was enhanced under the sentencing guidelines, not the ACCA. *Id.*

II. <u>Law and Analysis</u>

    A. <u>McKenzie waived his right to collaterally attack his conviction and sentence.</u>

McKenzie waived his right to collaterally attack his conviction or sentence. *McKenzie*, 2017 WL 930146, at *4. A collateral review waiver is generally enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013)

---

[2] In *Borden*, the Supreme Court concluded that a criminal offense with a *mens rea* of recklessness did not qualify as a "violent felony" under the ACCA's elements clause. *See Borden*, 141 S. Ct. at 1821–22; 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court reversed and remanded the petitioner's ACCA-enhanced sentence, which had been based in part on a prior Tennessee conviction for reckless aggravated assault. *Borden*, 141 S.Ct. at 1822, 1834.

3

(citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). The Fifth Circuit has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel and where a sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020); *Ornelas-Castro v. United States*, 3:07-CR-197, 2020 WL 7321059, at *2 (N.D. Tex. 2020). McKenzie makes no such claim.

Additionally, the United States District Court for the Southern District of Georgia determined that McKenzie's plea and waiver were knowing and voluntary. *McKenzie*, 2017 WL 930146, at *4, *report and recommendation adopted*, 2017 WL 902888 (S.D. Ga. 2017). As that court explained:

> Movant attacks the enforceability of his plea agreement's waiver of collateral review provision as a bar to habeas relief. Doc. 327 at 65. He contends, contrary to the record, that the Court failed to explain the waiver at his sentencing hearing, so that any such waiver was not made knowingly or voluntarily. *Id.*
>
> In addition to repeatedly admitting he was guilty of the charges brought against him, *see, e.g.*, doc. 339 at 8-9, McKenzie was fully advised by the Court of just what his guilty plea meant: When asked if he had been in any way pressured to change his plea to guilty, he said no. Doc. 337 at 7. When asked whether anyone had promised him a specific sentence, he said no. *Id.* at 18-19. When asked if he had read the plea agreement and had all of his questions about it answered prior to signing it, he said he had. *Id.* at 22. And the Court explained, specifically, just what the plea agreement's waiver provisions meant. *See id.* at 22-23 (explaining and affirming that McKenzie understood the Court's explanation of the agreement's waiver of his rights "to a direct appeal of his conviction and sentence on any ground" and "to collaterally attack his conviction and sentence on any ground and by any method, including, but not limited to, a 28 U.S.C. § 2255 motion."). Finally:
>
>> THE COURT: Mr. McKenzie, do you still want to plead guilty to the lesser included offense of Count 1?
>>
>> THE DEFENDANT: Yes, ma'am.

4

>THE COURT: Do you want to plead guilty to that offense because you are in fact guilty of that offense?
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: Do you understand the rights and the privileges that you waive or give up if I accept your plea?
>
>THE DEFENDANT: Yes, ma'am.
>
>Doc. 337 at 24. Based on the exchange, the Court found that McKenzie's plea was both knowing and voluntary, and he affirmed that it was indeed both knowing and voluntary. *Id.* at 26. Movant cannot now escape his sworn testimony at the Rule 11 hearing to claim his plea was neither. *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely."); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of veracity.").

*McKenzie*, 2017 WL 930146, at *4, *report and recommendation adopted*, 2017 WL 902888 (S.D. Ga. 2017). McKenzie does not show that his plea was involuntary or the waiver unenforceable. As such, his Petition should be dismissed.

### B. <u>McKenzie's claim is meritless.</u>

Even if the waiver was unenforceable, McKenzie cannot proceed unger § 2241. Generally, a federal prisoner may challenge his conviction under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or

that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause of 2255(e) allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 via the savings clause, the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it

at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; Jeffers, 253 F.3d at 830).

The Eleventh Circuit determined that *Borden* was not applicable to McKenzie, and McKenzie does not establish otherwise. Moreover, McKenzie does not allege or attempt to demonstrate that he was convicted of a nonexistent offense, and *Borden* does not establish that McKenzie is "actually innocent" of the crime for which he was convicted—conspiring to possess with intent to distribute, and to distribute, a quantity of cocaine.

The crux of McKenzie's claim is that he is innocent of the sentencing enhancement under *Borden*'s reasoning. However, a claim of actual innocence of a sentencing enhancement cannot satisfy the requirements of the savings clause. *See Shipp v. Chapa*, 698 F. App'x 202, 203 (5th Cir. 2017) (citing *Kinder*, 222 F.3d at 213-14 (a claim that a § 2241 petitioner was actually innocent of being a career offender under U.S.S.G. § 4B1.1 is not the same as a claim that the petitioner was actually innocent of the crime of conviction); *In re: Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (same); *Preston v. Ask-Carlson*, 583 F. App'x 462, 463 (5th Cir. 2014) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing errors.").

*Borden* does not establish that McKenzie was "actually innocent" of the charge for which his was convicted, so he cannot meet the requirements of the savings clause.

III. <u>Conclusion</u>

Because McKenzie waived his right to collateral review, and he cannot meet the requirements of the savings clause, IT IS RECOMMENDED that the § 2241 Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of McKenzie's claim.[3]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

---

[3] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F. App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

8

SIGNED on Monday, April 25, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE